a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| IYAD Y DAR HAMAD #A060-846-768,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00438<br>SEC P |
| VERSUS | JUDGE DRELL |
| MELLISSA HARPER ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and Motion for Rule to Show Cause (ECF No. 2) filed by Petitioner Iyad Y. Dar Hamad ("Hamad"). Hamad is a detainee at the Winn Correctional Center in Winnfield, Louisiana. ECF No. 1. Hamad claims that his continued detention is unlawful, and he asks that the Government show cause by April 17, 2025, why the Petition should not be granted.

To afford the Government time to conduct a reasonable investigation prior to responding to the Petition, Hamad's Motion for Rule to Show Cause (ECF No. 2) is DENIED.

I. **Background**

Hamad alleges that he was born in Palestine. ECF No. 1-1 at 2. He became a lawful permanent resident of the United States on December 14, 2009. *Id.* Hamad pleaded guilty to issuing a worthless check on April 25, 2018, and he was sentenced to 18 months of probation. *Id.*

Because the charge to which he pleaded guilty, La. R.S. 14:71, is considered a crime involving moral turpitude under immigration law, Hamad was deemed inadmissible when he attempted to return to the United States after visiting family abroad. *Id.* He was detained in May 2024 and placed in removal proceedings. *Id.* at 2.

On August 6, 2024, an immigration judge ordered that Hamad be removed to Jordan or, alternatively, Turkey. ECF No. 1-2 at 7. Hamad did not appeal. Therefore, his removal order became final on that date.

Hamad received a 90 day custody review in November 2025. ECF No. 1-2 at 117. According to emails attached to the Petition, Jordan declined to issue travel documents, and a decision from Turkey was pending as of November 19, 2024. *Id.* at 112.

II. <u>Law and Analysis</u>

Hamad asserts that his post-removal order detention has become unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Citing 28 U.S.C. § 2243, Hamad requests that the Government show cause by April 17, 2025, why the Petition should not be granted.

Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days

    unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.  Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008).  More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna, M.J.)[1]; *see also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073, at *2 (E.D. La. 2020).

  Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243).  Before requiring a response or holding a hearing, a court may certainly allow a respondent time to conduct a reasonable investigation.  *See, e.g.*, *Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. 2008) (same).

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

Summonses were just issued on April 4, 2025. ECF No. 3. The record does not reflect whether service has been perfected. Nonetheless, it is unlikely that any meaningful investigation could be completed in the two weeks requested. As determined in other cases before the Court, a 60-day timeframe within to reply is warranted, commonplace, and reasonable under Rule 4. *See Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016), *report and recommendation adopted*, 2016 WL 2844013 (collecting cases); *see also Romero v. Cole*, 1:16-CV-00148, 2016 WL 2893709, at *2 (W.D. La. 2016), *report and recommendation adopted*, 1:16-CV-00148, 2016 WL 2844013 (W.D. La. 2016).

Accordingly, IT IS ORDERED that Hamad's Motion for Rule to Show Cause (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that Respondents file an answer to the Petition (ECF No. 1) within 60 days following the date of service, providing the Court with summary judgment evidence indicating whether Petitioner's order of removal is final; whether there is a significant likelihood of removal in the reasonably foreseeable future; and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding the length of time that he has been in custody, the date on which his removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by the immigration officials to obtain travel documents for Petitioner.

Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Wednesday, July 9, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE